142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donna J. GENTILE, Plaintiff-Appellant,
v.
UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 No. 96-56207.
D.C. No. CV-96-00141-LHM.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 10, 1998**.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the Central District of California Linda H. McLaughlin, District Judge, Presiding.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donna J. Gentile, who alleged that she became disabled in 1992 while employed by the Freedom Newspapers, Inc., appeals the district court's summary judgment dismissal of her action under the Employment Retirement Income Security Act. See 29 U.S.C. § 1132. She asserts that she was improperly denied benefits under the Freedom Newspapers, Inc., Long Term Disability Plan. We reverse and remand.
 
 
 3
 The district court determined that Gentile could not prevail because: (1) California's notice-prejudice rule in the insurance area was preempted by ERISA and Gentile's failure to give timely notice absolutely barred her from recovering from UNUM; (2) California's agency rules in the insurance area were preempted by ERISA, and under the terms of the Plan Gentile's employer was not UNUM's agent; and (3) the clerical error provision of the policy insuring the Plan did not apply to Gentile's claim regarding her employer's failure to give notice to UNUM for her.
 
 
 4
 Since the date of the district court's decision, we have held that California's notice-prejudice rule is not preempted by ERISA. See Cisneros v. UNUM Life Ins. Co. of America, 134 F.3d 939, 944 (9th Cir.1998). Thus, that basis for the district court's ruling must fall.
 
 
 5
 We have also determined that California's agency rules are not preempted by ERISA. See Ward v. Management Analysis Co., Employee Disability Benefit Plan, 135 F.3d 1276, 1289 (9th Cir. Feb.3, 1998). That basis for the district court's ruling must also fall.
 
 
 6
 We have, however, agreed that the clerical error provision is not sufficient to overcome a failure to give notice. See Cisneros, 134 F.3d at 943 n. 2. Thus, that basis of the district court's ruling can remain intact. However, it cannot support the summary judgment by itself.
 
 
 7
 The parties must be given the opportunity to develop the facts related to the notice-prejudice and agency issues. The plan administrator has the obligation to decide Plan issues in the first instance. It is pellucid, however, that the plan administrator committed legal error when it decided against Gentile, and did not resolve the factual issues, as it should have. It must now do so. See Ward, 135 F.3d at 1289; Cisneros, 134 F.3d at 947-48; see also Vizcaino v. Microsoft Corp., 120 F.3d 1006, 1013-14 (9th Cir.1997) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998); Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan, 85 F.3d 455, 461 (9th Cir.1996). Thus, we reverse the judgment of the district court and remand "with instructions to remand to the plan administrator for a determination as to whether UNUM suffered actual prejudice by reason of the delay in submission of [Gentile's] notice of claim, and if necessary following remand to the plan administrator, to determine whether [the employer] acted as ERISA fiduciary and as agent of UNUM in administering the ... Plan's long-term disability policy, particularly in receiving and forwarding claims for benefits, and if so, whether [Gentile] furnished timely notice and proof of [her] disability to [the employer], and if so, to what remedies [Gentile] may be entitled." Ward, 135 F.3d at 1289.
 
 
 8
 REVERSED AND REMANDED, with instructions.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3